311 So.2d 281 (1974)
Joseph Lewis SAIZAN
v.
Diana Kay SAIZAN (Newchurch).
No. 9959.
Court of Appeal of Louisiana, First Circuit.
August 26, 1974.
*282 Guy A. Modica, Baton Rouge, for appellant.
Joseph A. Gladney, Baton Rouge, for appellee.
Before SARTAIN, BLANCHE and ELLIS, JJ.
BLANCHE, Judge.
On January 23, 1974, in the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana, Joseph Lewis Saizan was granted a divorce against Diana Kay Saizan, and in conjunction therewith was awarded the permanent care, custody and control of the minor, Joseph Bradley Saizan.
On March 12, 1974, after a full trial on the merits, a change of custody order was granted to Diana Saizan giving her the custody of said minor. On May 20, 1974, the Honorable Edward N. Engolio, Judge of the Eighteenth Judicial District Court, on the application of Joseph Lewis Saizan, signed an ex parte order awarding the provisional custody of said minor back to Joseph Lewis Saizan. Subsequently, Diana Kay Saizan sought and obtained on May 22, 1974, alternate writs of mandamus, certiorari and prohibition from this Court, ordering Judge Engolio to recall and vacate his ex parte order of May 20, 1974, insofar as it changed physical custody of the minor child without a contradictory hearing, or in the alternative, that said judge and the respondent Joseph Lewis Saizan show cause why this writ should not be made peremptory. Neither Judge Engolio nor Joseph Lewis Saizan responded.
Due process of law in its procedural aspect requires a notice and opportunity to be heard in orderly proceedings adapted to the nature of the case, in accord with established rules. Vaughan v. Housing Authority of New Orleans, 80 So.2d 561 (La.App.Orl.Cir. 1955). An opportunity for a hearing is one of the essential elements of due process. Charles Tolmas, Inc. v. Police Jury of Parish of Jefferson, 231 La. 1, 90 So.2d 65 (1956). Depriving a person of a right without the opportunity to be heard offends the notions of due process guaranteed by Article 1, Section 2, of the Louisiana Constitution and the Fourteenth Amendment of the United States Constitution. Such ex parte custody orders by a trial court are without effect. Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir. 1974), writs refused, La., 293 So.2d 187.
For these reasons, the ex parte judgment of May 20, 1974, which purported to change the custody of Joseph Bradley Saizan from Diana Kay Saizan to Joseph Lewis Saizan is hereby recalled and set aside. All costs of this application for writs are to be paid by respondent Joseph Lewis Saizan.
Writ made peremptory and judgment of the Eighteenth Judicial District Court recalled and set aside.