537 So.2d 299 (1988)
Christine GRIMMER
v.
Joseph BEAUD, Sr., Joseph Beaud, Jr., Victor A. Debatez, Walter Morrison and Preston Chustz, Sheriff, Parish of Pointe Coupee.
No. CA 87 1320.
Court of Appeal of Louisiana, First Circuit.
December 20, 1988.
Writ Denied March 3, 1989.
*300 John F. Craton, Crowley, for plaintiff-appellee Christine Grimmer.
Frank J. Achary, Metairie, for intervenor-appellee American Ins. Co.
Robert J. Vandaworker, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendants-appellants Victor A. Debetaz and La. Farm Bureau Cas. Ins.
Before CARTER, LANIER and LeBLANC, JJ.
LeBLANC, Judge.
The issues presented herein are: (1) whether LSA-R.S. 23:1102 C(1) as amended by Acts 1984, No. 852, § 1, which requires a tortfeasor or its insurer to automatically reimburse the total amount of worker's compensation paid when an employer or its insurer fails to approve a compromise between the employee and tortfeasor, is constitutional and (2) whether LSA-R.S. 23:1102 C(1) applies to defendants herein since the statute refers to "third party defendant[s]."
Plaintiff, Christine Grimmer, filed suit against several defendants for damages resulting from injuries received in an automobile accident when her vehicle struck a cow, allegedly owned by one of the defendants. Subsequently, plaintiff dismissed all defendants except for Victor Debatez and his insurer, Louisiana Farm Bureau Casualty Insurance Company (La. Farm Bureau), who answered, admitting that Mr. Debatez owned the cow but denying liability.[1] American Insurance Company (American), the worker's compensation insurer for Grimmer's employer, intervened to recover compensation and medical benefits previously paid and for any future benefits. Eventually, American settled the worker's compensation claim with Grimmer; the total amount of benefits paid was $20,697.54.
On the day this case was scheduled for jury trial, Grimmer, Debatez and La. Farm Bureau entered into a settlement agreement; American refused to approve it. The parties then informed the trial court of the compromise. American claimed that since the compromise was made without its *301 written approval, defendants were automatically required to reimburse the total amount of the benefits which were paid to Grimmer pursuant to LSA-R.S. 23:1102 C(1). Debatez and La. Farm Bureau argued it was entitled to proceed with the jury trial. The trial judge determined a trial would be futile and continued the trial. Defendants applied for supervisory writs to this court and presented the same issues before us in this appeal. This court denied writs, as the only judgment properly before us at the time was the interlocutory judgment by the trial court to grant a continuance. The issue of the validity and proper interpretations of LSA-R.S. 23:1102 C(1) was not the subject of a final judgment in the record before us at the time. Thereafter, the Louisiana Supreme Court denied supervisory writs to this court's ruling. Grimmer v. Beaud, 503 So.2d 15 (La. 1987).
Subsequently, American filed a motion for summary judgment, alleging there was no genuine issue of fact and that on the basis of LSA-R.S. 23:1102 C(1), it was entitled to judgment for the total amount of compensation and medical benefits paid to Grimmer. At the hearing on the motion, Debatez and La. Farm Bureau agreed that the facts were not in dispute, and reasserted its argument that the statute violated due process. The trial court granted defendants' motion and rendered judgment in favor of American. Defendants appeal.[2]
LSA-R.S. 23:1101 provides for the right of an employee to sue a "third person" and recover sums for which the third person is liable. It further provides that any person having paid or having become obligated to pay worker's compensation may sue the third person to recover those sums. LSA-R.S. 23:1101 provides in its entirety:
A. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as "third person") other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease. B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or had become obligated to pay compensation shall be reduced by the same percentage.
LSA-R.S. 23:1102C(1) applies to situations such as in this case where (1) the employee has filed a tort suit against a tortfeasor, (2) the employer or his insurer has intervened, (3) there has been a compromise between the employee and the *302 tortfeasor, (4) no written approval by the employer or insurer is obtained, and (5) the employee fails to pay the total amount of compensation and medical benefits out of the settlement. In this instance, the tortfeasor or its insurer is required to reimburse the employer or his insurer to the extent of the total amount of compensation and medical benefits previously paid except for those amounts already reimbursed to the employer. LSA-R.S. 23:1102C(1) in its entirety provides:
C. (1) When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee's claim for future compensation or medical benefits shall be reserved.
Defendants contend that LSA-R.S. 23:1102C(1) is unconstitutional because it deprives them of their property without due process of law under both the Louisiana Constitution, Article I § 2 and the Fourteenth Amendment to the United States Constitution. They argue that the statute violates due process by denying them a hearing on the merits of the employer's claim simply because they settled with the employee.
Article I § 2 of the Louisiana Constitution provides:
No person shall be deprived of life, liberty, or property, except by due process of law.
The Fourteenth Amendment of the United States Constitution also prohibits any state from depriving any person of life, liberty or property, without due process of law.
A statute is presumed to be constitutional and the party attacking the validity has the burden of proving its unconstitutionality. Theriot v. Terrebonne Parish Police Jury, 436 So.2d 515 (La.1983); Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (La.1971). Any doubt must be resolved in favor of constitutionality. Ancor, supra.
Procedural due process requires that all proceedings directed toward the deprivation of life, liberty or property be conducted in a manner consistent with essential fairness. Among the requirements are notice of the proceeding and a fair opportunity to defend or present objections. See, Hannah v. Larche, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960); Babineaux v. Judiciary Commission, 341 So.2d 396 (La. 1976); Saizan v. Saizan, 311 So.2d 281 (La. 1st Cir.1974). Nor are the states prevented by the United States Constitution from determining by what process legal rights may be asserted or legal obligations enforced, provided that due notice is given and there is an opportunity to be heard. No one has a vested right in any given mode of procedure. Gelfert v. National City Bank, 313 U.S. 221, 61 S.Ct. 898, 85 L.Ed. 1299 (1941); Wall v. Close, 201 La. 986, 10 So.2d 779 (La.1942).
Furthermore, laws must be construed as a whole and each part must be given effect where such a result can be reasonably achieved. Pickering v. City of Baton Rouge, 442 So.2d 522 (La.App. 1st Cir. 1983). All parts of a statute must be read together and each provision must be considered in context with other provisions and should be construed in harmony with the whole. Quick Finance Service, Inc. v. Youngblood, 320 So.2d 239 (La.App. 4th Cir.1975).
*303 The statute herein does not deny defendants the opportunity to defend against the claim of the worker's compensation employer or insurer. Reading the provisions of LSA-R.S. 23:1101 et seq., we find that procedural due process has been met. Defendants are given notice of the employer's or insurer's claim when the intervention is filed in the suit. If they chose, defendants may proceed to trial and present all their defenses. Moreover, pursuant to LSA-R.S. 23:1101 B, if the employee is found to be negligent, the recovery against the tortfeasor is reduced by the same percentage of the employee's fault.
LSA-R.S. 23:1102C(1) as applied herein merely removed from defendants the option of compromising with the employee without the insurer's approval and having a full trial on the merits at that point. The law construed as a whole does not deny them a hearing or opportunity to defend, thus it does not deny due process.
Defendants also argue that LSA-R. S. 23:1102 is inapplicable to them because, by its express terms, it involves suits filed against a third party defendant.
The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter. A construction should be placed on the provision in question which is consistent with the obvious intent of the lawmaker. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984).
LSA-R.S. 23:1101 authorizes suits against a third person who has a legal liability to pay damages for an injury or compensable sickness or disease. Although poorly drafted, it is clear that the provisions of LSA-R.S. 23:1101, et seq., refer to the tortfeasor, a third person outside the employment enterprise whose conduct causes harm. The use of the phrase "third party defendant" to describe the tortfeasor has been criticized in 14 H. Johnson, III, Louisiana Civil Law Treatise, Worker's Compensation Law and Practice § 373 (Supp.1988), as follows:
Unfortunately, the amended provision retains the phrase "third party defendant" to describe the tortfeasor, when that will almost certainly not be procedurally correct in all cases. In fact the sub-section envisions that the tortfeasor will be the defendant on the main demand brought by the employee, and the carrier or the employer will have intervened by an incidental demand. "Third person" would probably be preferable.
We find defendant's argument on this issue lacks merit.
For the above reasons, the judgment of the trial court is affirmed. The trial court's judgment granting the intervenor's motion for summary judgment was proper. Appellants are to pay costs.
AFFIRMED.
NOTES
[1] Grimmer amended her original petition to add La. Farm Bureau as a defendant after it filed an answer.
[2] Pursuant to La.R.S. 13:4448, this Court notified Attorney General William J. Guste, Jr., by letter dated November 3, 1988, that the present appeal raises an issue as to the constitutionality of La.R.S. 23:1102. The attorney general was given the following options in response to this notice.

If you elect to be heard in this matter and want to orally argue, reargument will be set for January 5, 1989. If you elect to simply file a brief, please do so within 30 days. If you elect to do neither, we will consider the matter as submitted. Kindly advise us of your intentions within fifteen (15) days.
Attorney General Guste elected to submit this matter without oral argument or a brief.