625 So.2d 1110 (1993)
Michael LOONEY, Sr., Plaintiff-Appellant,
v.
GLASSCOCK DRILLING, Defendant-Appellee.
No. 93-8.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1993.
Sera Hearn Russell III, for plaintiff-appellant Michael Looney.
John Nickerson Chappuis, for defendant-appellee Glasscock Drilling.
Before STOKER, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
In this worker's compensation case, plaintiff, Michael Looney, appeals the hearing officer's judgment in favor of defendant, Glasscock Drilling, holding defendant did not arbitrarily discontinue payment of worker's compensation benefits and medical expenses. Finding no error on the part of the hearing officer, we affirm.

FACTS
On February 28, 1985, plaintiff, Michael Looney (Looney), injured his lower back while in the course of his employment with Glasscock Drilling (Glasscock). CNA Insurance Company paid worker's compensation benefits and medical expenses for treatment relating to the lower back injury. Looney underwent back surgery performed by Dr. James McDaniel in Lafayette on March 24, 1985. He then had a second back surgery on October 13, 1987 which was performed by Dr. Dale Bernauer in Lake Charles. For approximately twenty-four hours following the surgery, a hematoma was allowed to remain on Looney's spine. This resulted in Looney being paralyzed on the left side from the waist down.
Looney filed a malpractice claim against Dr. Bernauer and the claim was settled on May 31, 1989 for the $500,000.00 limit under the Louisiana Medical Malpractice Act. Upon learning of this settlement, Glasscock terminated Mr. Looney's compensation asserting that no consent was obtained for the settlement from Glasscock or its worker's compensation carrier as mandated by La. R.S. 23:1101-1103. Looney filed a worker's compensation claim against Glasscock claiming that Glasscock and its insurer arbitrarily discontinued the payment of worker's compensation benefits and medical expenses. The hearing officer found that Looney settled without Glasscock's knowledge or consent and Glasscock was therefore entitled to terminate benefits. Looney appeals this judgment.

ASSIGNMENT OF ERROR
Looney asserts the hearing officer erred in failing to award him worker's compensation benefits, reimbursement of medical expenses, *1111 penalties and attorney fees by finding Looney settled his malpractice action without Glasscock's consent. Looney's accident occurred on February 25, 1985 and the subsequent act of malpractice occurred on October 13, 1987; therefore the applicable statutes are La.R.S. 23:1101 and 1102 prior to their 1989 amendments. The governing language is as follows:
§ 1101. Employee and employer suits against third persons; effect on right to compensation
When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee's rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents.
§ 1102. Employee or employer suits against third persons causing injury; notice of filing
A. If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
B. If compromise with such third person is made by the employee or his dependent, the employer or insurer shall be liable for compensation in excess of the amount recovered against such third person only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, medical benefits, attorney's fees, and penalties, previously paid to or on behalf of the employee, exclusive of attorney's fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise.
The clear language of the statute provides that an employee failing to obtain written approval of the compromise from the employer and insurer at the time of or prior to the compromise forfeits his right to future compensation, including medical expenses. No fraud or bad faith showing was made on defendant's part. The hearing officer, relying on the language of this statute, found that because Looney did not give notice to or obtain from Glasscock or its insurer written approval of the compromise with Dr. Bernauer, he forfeited his right to future compensation and medical expenses.
Looney argues Dr. Bernauer's malpractice was not an injury sustained from an accident arising out of or in the course and scope of his employment and thus the provisions of *1112 La.R.S. 23:1101 and 1102 do not apply. He cites several cases for support of his position such as Cedotal v. Wausau Insurance Company, 493 So.2d 263 (La.App. 3d Cir.1986) and Townsend v. Pittsburgh Plate Glass Industries, Inc., 535 So.2d 407 (La.App.3d Cir.), writ denied, 536 So.2d 1200 (La.1988). However, those cases cited by Looney do not involve medical treatment necessitated by a work-related injury. They all involve subsequent non-work related accidents. In the instant case, the malpractice action was a direct result from the work-related injury. Looney had back surgery because of his work-related injury; not a subsequent non-work related accident.
This court in Fruge v. Hub City Iron Works, Inc., 131 So.2d 593 (La.App. 3d Cir. 1961) held that when the medical treatment for the accidental injuries is cause in fact of the final condition of the employee, such residual is in itself considered a result of the accident and therefore compensable, even where caused subsequent to the accident by negligent treatment. The case of Durham Pontiac-Cadillac-GMC Trucks, Inc. v. Phillips, 572 So.2d 1080 (La.App. 1st Cir.1990) was decided according to the worker's compensation law as it existed before the 1989 amendment to La.R.S. 23:1101. In Durham, supra, the court held that injuries resulting from the aggravation of a work-related injury caused by the negligence of an ambulance service used in the course of treatment for the work-related injury were compensable under the Worker's Compensation Act. The plaintiff settled a suit against the ambulance service without notifying his employer. The court found that since the injury resulting from the negligence of the ambulance service was compensable under the act, the notice provisions of La.R.S. 23:1102 did apply to the compromise.
We find that Dr. Bernauer was a third person pursuant to LA.R.S. 23:1101 and that the notice and consent provisions of 23:1102 are triggered because Looney would have had the right to receive worker's compensation benefits as a result of the injuries he sustained by Dr. Bernauer's malpractice, and Glasscock would have a cause of action for reimbursement against Dr. Bernauer under La.R.S. 23:1101. Therefore, because Looney failed to notify and obtain the consent of Glasscock and its insurer as mandated by La.R.S. 23:1102, Looney is not entitled to future worker's compensation benefits and medical expenses. The judgment of the hearing officer is affirmed.

DECREE
For the reasons assigned above, the judgment appealed from is affirmed. Costs of this appeal are assessed against appellant, Michael Looney, Sr.
AFFIRMED.