714 So.2d 199 (1998)
Herbert Lynn CALLIHAN
v.
GULF COAST MARINES, INC.
No. 97 CA 1705.
Court of Appeal of Louisiana, First Circuit.
May 15, 1998.
*200 J. Arthur Smith, III, Baton Rouge, for PlaintiffSecond AppellantFirst AppelleeHerbert Lynn Callihan.
Gregory Bodin, Baton Rouge, for DefendantFirst AppellantSecond Appellee Gulf Coast Marines, Inc.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON, J. Pro Tem.[1]
FITZSIMMONS, Judge.
Petitioner/employee, Herbert Lynn Callihan ("Callihan"), filed a workers' compensation claim against his employer and its insurer, Gulf Coast Marines, Inc. and Highlands Underwriters Insurance Company respectively (collectively referred to as "Highlands"). Callihan sought coverage for injuries to his knee sustained on March 14, 1990. The injury was incurred during the course and scope of his employment when he stepped off a well-head. Mr. Callihan underwent surgery to his knee, and he was released to work with some limitations on May 6,1990.

PROCEDURAL BACKGROUND
On July 9, 1990, Mr. Callihan received another injury at Sonshine Rehabilitation Services, Inc., a/k/a Sonshine Rehabilitation Center ("Sonshine"). The second injury occurred while Callihan was undergoing electrical stimulation physical therapy to his knee for the first injury. Callihan, thereafter, filed a separate action against Sonshine. Highlands intervened to recover the medical *201 expenses it had continued to pay in workers' compensation to Callihan after the second incident.
On March 28, 1994, Mr. Callihan settled his claim against Sonshine for the sum of $11,000. The settlement was confected without the signed consent of Highlands. Highlands filed a motion for summary judgment against Sonshine. The matter was settled before the hearing on the motion for summary judgment. Sonshine paid Highlands the $8,830.55 amount that had been issued to the employee by Highlands subsequent to the second accident.
The instant controversy ensued when Highlands refused to pay Callihan's subsequent medical bills. A disputed claim was filed by Callihan in the Office of Workers' Compensation. Mr. Callihan asserted: that he was entitled to continued medical benefits under the Workers' Compensation Act for injuries related to the accident of March 14, 1990; that the defenses maintained by the employer, pursuant to La. R.S. 23:1101, were not applicable; that he was entitled to penalties and attorney fees as a result of the defendants' unilateral discontinuation of medical benefits; and that Mr. Callihan was owed 1/3 of the settlement recovery in their intervention claim for claimant's legal efforts toward that resolution pursuant to La. R.S. 23:1103(C). A motion for summary judgment by Gulf Coast Marines, Inc. and Highlands was denied.
The matter proceeded to a hearing at the Office of Workers' Compensation. The hearing officer denied each of Mr. Callihan's claims, with the exception of an award of $2,000 reasonable attorney's fees in accordance with La. R.S. 23:1103(C). Each party was ordered to pay its own costs. Callihan has appealed the hearing officer's determinations: that Callihan did not preserve his right against his employer to future medical treatment for his right knee injury; that he was not entitled to attorney's fees for the defendants' arbitrary discontinuance of medical benefits; and that Callihan was ordered to pay half of the costs of the hearing proceeding. The defendants also appealed, assigning as error the hearing officer's award to Callihan of a portion of the recovery made by Highlands for attorney fees.

"THIRD PERSON"
It is undisputed that Mr. Callihan failed to obtain the written consent of Highlands prior to finalizing his settlement of his claim against Sonshine. The dictates of La. R.S. 23:1101 require the prior written consent of the employer who has paid workers' compensation benefits associated with an intervening injury that was sustained subsequent to an original injury covered by workers' compensation. The provisions of La. R.S. 23:1101(B) and (C) are delineated in the following pertinent part:
B. Any person having paid ... compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid ... as compensation to such employee....
* * * * * *
C. For purposes of this section, "third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury. (Underlining supplied.)
Thereafter, in situations in which the employee failed to obtain the employer's prior written approval of a compromise with a "third person," La. R.S. 23:1102(B) revokes the employee's right to future medical benefits, subject to a conditional right of reinstatement, in the following pertinent language:
If a compromise with such third person is made by the employee ... the employer or insurer shall be liable to the employee ... for any benefits ... in excess of the full amount paid by such third person ... only if written approval of such compromise is obtained from the employer or insurer by the employee.... If the employee ... fails ... to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall *202 forfeit the right to future compensation, including medical benefits. Notwithstanding the failure of the employer to approve such compromise, the employee's ... right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out to the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise.
La. R.S. 23:1102(B)
Callihan argues that Highlands did not present any evidence that the second accident aggravated the original injury to Callihan's knee. Accordingly, the defendant in the Sonshine litigation is not, in fact, a "third person" within the contemplation and wording of La. R.S. 23:1101(A). Additionally, Callihan asserts that Highlands improperly predicated its settlement with Sonshine on a requirement that Callihan release his employer of responsibility for any and all future medical benefits. Finally, Callihan argues that the payment of $8,830.55 to the intervenors constituted a full reimbursement of funds expended; therefore, Highlands should not receive double payment by both Sonshine and Callihan.
In reasons for judgment, the hearing officer factually observed that the electrical stimulation had been prescribed by Callihan's orthopedic surgeon for his knee. He observed that "[w]hile claimant was at physical therapy at Sunshine [sic] Rehabilitation Center he suffered an electrical shock that injured claimant's back" (underscoring added.) The hearing officer, thereafter, relied on the third circuit appellate holding in Looney v. Glasscock Drilling, 625 So.2d 1110 (La.App. 3rd Cir.1993); writ denied, 93-2782 (La.1/28/94); 630 So.2d 788, to reach his determination that the settlement by Callihan, without the prior consent of Highlands, subjected him to the forfeiture provisions of La. R.S. 23:1102.
In Looney, the employee underwent surgery for a job-related back injury. During surgery, a hematoma that was allowed to remain on Looney's spine resulted in Looney being paralyzed on the left side from the waist down. The third circuit held that the medical treatment was necessitated by the first work-related injury; therefore, the provisions of La. R.S. 23:1101 and 1102 attached. We respectfully disagree with the third circuit's interpretation of these provisions of the workers' compensation statute, and we decline to follow it.
The hearing officer found that the electrical shock injured only claimant's back, not his knee. The evidence presented to the hearing officer demonstrated that the second injury to Callihan did not exacerbate the injury to the medial meniscus. Dr. Fambrough, Mr. Callihan's knee surgeon and treating physician, opined in his deposition that the July 9, 1990 incident did not aggravate the torn medial meniscus of the right knee. Although Dr. Fambrough conceded that it was possible that Callihan had strained his knee when he was shocked, he did not think so. There is no medical evidence in the record to contradict Dr. Fambrough's opinion. It is, thus, uncontroverted that Mr. Callihan experienced two separate injuries.
The application of the requirements of La. R.S. 23:1102(B) is framed by the definition of "third person" pursuant to its delineation in La. R.S. 23:1101(C). The fact that the second electrical shock occurred as a result of the treatment for the first injury is not dispositive of a determination that the injuries themselves are mutually exclusive. In the absence of an aggravation of the previous work-related injury, the elements of La.R.S. 23:1101 and 23:1102(B) are inapposite. Sonshine cannot, therefore, be characterized as a "`third party' [who] has aggravated the employment related injury." See La. R.S. 23:1101(C). Callihan was not required to obtain the written consent by Highlands prior to settling his claim against a tortfeasor who inflicted an unrelated injury. Therefore, Mr. Callihan is entitled to continued medical coverage for injuries related to the accident of March 14, 1990. Workers' compensation *203 coverage for the knee is not contingent upon approval of the compromise of the second, independent injury. The denial by the workers' compensation judge of ongoing medical benefits associated with this knee injury is reversed.

STATUTORY PENALTIES AND ATTORNEY FEES
An award of penalties pursuant to La. R.S. 23:1201 is penal in nature; therefore, a strict and narrow interpretation is applied. Washington v. Lyon's Specialty Company, 96-0263, p. 13 (La.App. 1st Cir. 11/8/96); 683 So.2d 367, 376; writ denied, 96-2944 (La.1/31/97); 687 So.2d 408. Penalties or attorney fees are not justified when there is a rational basis for the refusal of payment of workers' compensation benefits. Connor v. Frees Construction Company, Inc., 525 So.2d 241, 244 (La.App. 1st Cir.); writ not considered, 532 So.2d 111 (La.1988). In the instant matter, the classification of Sonshine as a "third party" for purposes of the application of La. R.S. 23:1101 and 23:1102(B), the only jurisprudential expression of the controlling law supported Callihan's disqualification. Highlands' defense was asserted in good faith. Therefore, Highlands' actions were not unreasonable, arbitrary or capricious, given the unsettled, and somewhat unusual, legal status of the law relative to the claimant's entitlement to future benefits. See Williams v. Regional Transit Authority, 546 So.2d 150, 161-162 (La.1989). Penalties and attorney fees are not justified.

ATTORNEY FEES PER L.A. R.S. 23:1103(C) AND COURT COSTS
Highlands appealed the portion of the hearing officer's determination that it pay a portion of Callihan's attorney fees generated in pursuit of the claim against Sonshine. Louisiana Revised Statute 23:1103(C)(1) states in relevant part:
If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for a share of the reasonable legal fees and costs incurred by the attorney retained by the plaintiff, which portion shall not exceed one third of the intervenor's recovery for pre-judgment payments or pre-judgment damages. (Underlining supplied.)
Our disqualification of Sonshine as a "third party" in this workers' compensation suit renders the correlative provisions of La. R.S. 23:1103 inapposite. The award of attorney fees to Callihan is hereby reversed.
Additionally, we find no abuse by the trial court in its equal allocation of costs of the hearing to the parties. Costs associated with this appeal are to be shared equally between the appellant and defendants.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.