CRAIN, J.
| ¡¡In this workers’ compensation proceeding, an employer and its compensation insurer sought a judgment releasing them from future liability for benefits or, in the alternative, granting them a credit against future benefits because the injured employee allegedly settled a claim against a third person without the written approval of the employer or the insurer. The workers’ compensation judge (WCJ) denied the request. We affirm.
FACTS AND PROCEDURAL HISTORY
Aaron L. Van Cleave sustained severe injuries in a head-on collision that occurred when an oncoming motorist crossed the centerline of a roadway and impacted a truck occupied by Van Cleave as a guest passenger. Van Cleave’s host driver, Allen Marchand, was killed in the accident. The adverse driver, Arthur Temple, was issued multiple citations, including operating a vehicle while intoxicated, and the investigating officer concluded that Temple’s actions were the cause of the accident.
The truck occupied by Van Cleave was insured by General Insurance Company of America pursuant to a policy of commercial automobile liability insurance. Van Cleave and Marchand’s family agreed to equally split the General Insurance policy limits of $1,000,000.00, and General Insurance issued Van Cleave a check in the amount of $500,000.00. Van Cleave and his wife later executed a settlement agreement that included a release of General Insurance and a release of the estate of Marchand, and his company, Marchand Machinery, although the Van Cleaves reserved their rights against those two par *224 ties to the extent they were insured by a non-settling insurer.
At the time of the accident, Van Cleave was in the course and scope of his employment with Advantage Personnel, who, through its workers’ compensation carrier, Louisiana Safety Association of Timber-men, began paying workers’ | ^compensation benefits to and on behalf of Van Cleave. After Van Cleave received the $500,000.00 payment from General Insurance and executed the settlement agreement, Advantage Personnel and Tim-bermen filed a “Disputed Claim for Compensation” (Form 1008 Claim) asserting that under Louisiana Revised Statute 23:1102 they were entitled to a credit against future benefits as a result of Van Cleave’s settlement. They subsequently asserted that under Section 23:1102B, the settlement resulted in a complete forfeiture of future benefits because Van Cleave did not obtain written approval from Advantage Personnel or Timbermen before entering the settlement.
Advantage Personnel and Timbermen filed a motion for summary judgment seeking a judgment as a matter of law on the issues raised in their Form 1008 Claim. In support of the motion, they relied on a copy of the settlement agreement, a certified copy of the General Insurance automobile policy, and a copy of a petition on behalf of Van Cleave and his wife against numerous defendants in state district court (“tort suit petition”), filed after execution of the settlement agreement. The tort suit petition included Marchand Machinery as a defendant based upon allegations that an employee had disengaged the passenger-side air bag and that Marchand failed to re-engage the air bag prior to the collision.[1]
In opposition to the motion, the Van Cleaves argued that the payment from General Insurance consisted entirely of un-derinsured motorist benefits (“UM”) and did not trigger the forfeiture or credit provisions of Section 23:1102B because the policy excluded any UM coverage for the benefit of a workers’ compensation insurer. They further argued that Marchand and Marchand Machinery were not “third person[s]” as that phrase is used in Section 23:1102 because the movers had not proved that Marchand or Marchand Machinery were at fault or otherwise liable for the accident and injuries sustained by Van Cleave.
|4The Van Cleaves offered numerous exhibits, including a certified copy of the General Insurance policy that included a coverage section for “LOUISIANA UNINSURED MOTORIST COVERAGE-BODILY INJURY.” That section contains an exclusion providing that the insurance does not apply to the “direct or indirect benefit of any insurer or self-insurer under any workers’ compensation, disability benefits or similar law.” The Van Cleaves also offered a copy of the $500,000.00 check from General Insurance that has a notation of “UIM BI” under a caption of “COVERAGE,” and an affidavit from Van Cleave wherein he attested that the settlement with General Insurance was under the UM coverage of the insurance policy. As to any potential liability of Marchand and Marchand Machinery, Van Cleave further swore that he had “no knowledge as to who or when and even if the passenger side air bag in the Mar-chand pick up [truck] was turned off prior to the collision.”
*225 The WCJ denied the motion for summary judgment. Thereafter, the request for a forfeiture or credit proceeded to a trial. By consent of the parties and order of the court, the matter was tried based upon the exhibits submitted by the parties. In addition to the exhibits previously filed in connection with the motion for summary judgment, the parties filed a copy of the uniform motor vehicle accident report generated by the Louisiana State Police and affidavits of representatives of Advantage Personnel and Timbermen who confirmed that worker’s compensation benefits were paid to Van Cleave and that neither the employer nor the workers’ compensation insurer approved or had been notified of the settlement prior to its execution.
Pursuant to written reasons for judgment, the WCJ found that Advantage Personnel and Timbermen had not met their burden of proving that Van Cleave forfeited his right to future workers’ compensation benefits or that the plaintiffs were entitled to a credit for the settlement, which the WCJ referred to as “the | ^uninsured motorist settlement.” The court further found that the General Insurance policy clearly and unambiguously excluded Timbermen from receiving any type of direct or indirect benefit as a result of the UM settlement, and that the exclusion was not against public policy. The court relied upon Travelers Insurance Company v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000, wherein the supreme court held that a UM carrier can validly exclude coverage for the benefit of a workers’ compensation insurer, and found that Travelers Insurance Company had not been overruled by more recent supreme court decisions addressing the reduction in liability of a UM insurer resulting from payments to the insured by a workers’ compensation insurer.[2] The WCJ adopted as further reasons for judgment the arguments set forth in the pre-trial brief filed on behalf of Van Cleave. A judgment was signed in favor of Van Cleave and against Advantage Personnel and Timbermen, denying any and all requested relief on all issues and dismissing the proceeding with prejudice.
Advantage Personnel and Timbermen now appeal the judgment and assert that the WCJ erred (1) in denying the motion for summary judgment, (2) in concluding that the settlement agreement was a settlement of UM claims only, (3) in finding that Van Cleave did not forfeit his right to future benefits by entering into a settlement with a third party without the written approval of the employer and/or insurer, (4) in concluding that Travelers Insurance Company and the UM exclusionary provision in the General Insurance policy was controlling rather than Louisiana’s laws on solidary obligors, and (5) in concluding that Van Cleave’s receipt of $500,000.00 from General Insurance did not entitle the appellants to a credit against their obligation to pay future workers’ compensation benefits to Van Cleave.
[JAW AND ANALYSIS
A. Denial of Motion for Summary Judgment
Advantage Personnel and Timbermen first contend that the WCJ erred in denying their motion for summary judgment.[3]
*226 A motion for summary judgment may be granted only if “the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. Pro. art. 966B(2) (prior to amendment by La. Acts 2013, No. 391, § 1). The party seeking summary judgment has the burden of proving an absence of a genuine issue of material fact. La. Code Civ. Pro. art. 966C. If the movant satisfies the initial burden, the burden shifts to the party opposing summary judgment to present factual support sufficient to show he will be able to satisfy the evidentiary burden at trial. La.Code Civ. Pro. art. 966C(2); Suire v. Lafayette City-Parish Consolidated Government, 04-1459 (La.4/12/05), 907 So.2d 37, 56.
In the motion for summary judgment, Advantage Personnel and Timbermen alternatively claim that (1) Van Cleave forfeited his right to future benefits by failing to get written approval of the settlement, or (2) movers are entitled to a credit against future benefits in the amount of $500,000.00, the full amount paid to the Van Cleaves in the settlement. Since Advantage Personnel and Timbermen bear the burden of proving their right to a credit or a forfeiture of future benefits, they were obligated to prove that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law on one of these alternative claims. See High School Athletics Association, Inc. v. State, 12-1471 (La.1/29/13), 107 So.3d 583, 599.
17Advantage Personnel and Timbermen rely upon Section 23:1102B, which provides as follows:
If a compromise with such third person is made by the employee or his dependents, the employer or insurer shall be liable to the employee or his dependents for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim and only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. Written approval of the compromise must be obtained from the employer if the employer is self-insured, either in whole or in part. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses .... [4]
Under this provision, an employee is obligated to obtain written approval from the employer or compensation insurer of a compromise with a third person; and, if he fails to do so, the employee forfeits his right to future benefits. If the employee secures the required approval, he pre *227 serves his right to future benefits, but the employer and compensation insurer are entitled to a credit against the payment of future benefits in the amount of the settlement.
By its express terms, the statute is only applicable to a “compromise with [a] third person.” Section 23:1101A defines “third person” as a person who has a “legal liability to pay damages,” stating as follows:
When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as “third person”) other than those persons against whom the said employee’s rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, | ^relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
See also Travelers Insurance Company, 656 So.2d at 1002; Johnson v. Fireman’s Fund Insurance Company, 425 So.2d 224, 227 (La.1982).[5] In the absence of a person’s “legal liability to pay damages,” an. employee’s compromise with that person does not invoke the requirements or consequences of Section 23:1102B.
See Champagne v. State, Louisiana State University, 01-0242 (La.App. 1 Cir. 3/28/02), 819 So.2d 1059, 1065 (finding that Section 23:1102B’s consent and forfeiture provisions did not apply to a settlement with a party who was entitled to workers’ compensation immunity and, therefore, did not have a “legal liability to pay damages,” and where second accident did not aggravate original injury); Callihan v. Gulf Coast Marines, Inc., 97-1705 (La.App. 1 Cir. 5/15/98), 714 So.2d 199, 202, writ denied, 98-1633 (La.9/25/98), 725 So.2d 489 (party responsible for second accident was not a third person under Section 23:1102B because second accident did not aggravate work-related injury).
1. Compromise with Marchand, Mar-chand Company, and General Insurance in its Capacity as Liability Insurer[6]
Advantage Personnel and Timbermen argue that the undisputed evidence established that Van Cleave compromised his claims against Marchand, Marchand Machinery, and General Insurance by releasing them in the settlement agreement, and Van Cleave’s failure to obtain employer approval of the compromise mandates a forfeiture of future benefits. However, the inclusion of those parties in the settlement agreement, alone, does not invoke the provisions of Section 23:1102B; rather, the movers were required to present undisputed evidence that Marchand, Mar-chand | ^Machinery, and General Insurance, as their liability insurer, had a “legal liability to pay damages” to Van Cleave for the compensable injuries. See La. R.S. *228 23:1102A and B; La. R.S. 23:1101A; La.Code Civ. Pro. art. 966B(2); Travelers Insurance Company, 656 So.2d at 1002; Johnson, 425 So.2d at 227, Champagne, 819 So.2d at 1065; Callihan, 714 So.2d at 202.
Advantage Personnel and Timbermen argue that an allegation in the tort suit petition and the $500,000.00 settlement check are both conclusive evidence of Mar-chand and Marchand Machinery’s “legal liability to pay damages.” We disagree. The allegation in the tort suit is that an employee of Marchand Machinery turned off the passenger side air bag and that Marchand, as the president of the company, failed to notice the disengaged air bag and did not turn it back on. This allegation was contradicted by the affidavit of Van Cleave wherein he stated that he had “no knowledge as to who or when and even if the passenger side air bag in the Mar-chand pick up [truck] was turned off prior to the collision.” No other evidence was presented to the effect that the air bag was manually turned off. The cause of the air bag failing to deploy presented an unresolved issue of material fact.
Additionally, whether the $500,000.00 settlement check from General Insurance was issued under the liability coverage of the policy or was for UM benefits only presented an issue of material fact. The check indicates on its face that it was issued under the “UIM” coverage, and Van Cleave attested in his affidavit that the settlement was under the UM portion of the General Insurance policy. Again, this evidence was sufficient to preclude summary judgment.
Advantage Personnel and Timbermen also contend that regardless of whether Marchand and Marchand Machinery are at fault for causing the accident, their mere release without Van Cleave first obtaining written approval is sufficient to warrant the application of Section 23:1102B. For support movers cite Looney v. Glasscock Drilling, 625 So.2d 1110 (La.App. 3 Cir.1993), writ denied, 630 So.2d 788 (La.1994); however, this court has previously expressed its disagreement with the holding in Looney and declined to follow it. See Callihan, 714 So.2d at 202. Moreover, Looney is distinguishable from the facts of this case,
In Looney, an injured employee underwent back surgery for his work-related injury and became paralyzed on his left side from the waist down after a post-surgery hematoma was allowed to remain on his spine. The employee filed a medical malpractice claim against the surgeon, which was settled for the $500,000.00 limit under the medical malpractice act. Looney, 625 So.2d at 1110. The settlement was not approved by the employer, and the court affirmed a finding that the employee forfeited his right to future benefits.
The issue in Looney was whether the paralysis that occurred while the employee was receiving medical care for an earlier injury sustained on the job was compensa-ble as a work-related injury. The court found that it was work-related, so approval of the settlement was required. Looney, 625 So.2d at 1111-1112. The surgeon’s liability or fault for causing the injury was not disputed, and the court of appeal specifically held:
We find that Dr. Bernauer was a third person pursuant to LA.R.S. 23:1101 and that the notice and consent provisions of 23:1102 are triggered because Looney would have had the right to receive worker’s compensation benefits as a result of the injuries he sustained by Dr. Bemauer’s malpractice, and Glasscock would have a cause of action for reimbursement against Dr. Bernauer under La. R.S. 23:1101. *229 Looney, 625 So.2d at 1112 (emphasis added). Those facts are distinguishable from the present case where the evidence presented in connection with the motion for summary judgment established that the alleged fault of Marchand and Marchand Machinery for causing any injury to Van Cleave was contested. Looney offers no support for the proposition that a released party need not be at fault to trigger Section 23:1102B.
| ^Advantage Personnel and Timbermen also cite Grimmer v. Beaud, 537 So.2d 299 (La.App. 1 Cir.1988), writ denied, 538 So.2d 613 (La.1989); Bennett v. Trinity Universal Insurance Company, 05-1957 (La.App. 1 Cir. 9/15/06), 943 So.2d 1104; and, Lavergne v. Quality Fabricators of Eunice, Inc., 04-125 (La.App. 3 Cir. 12/8/04), 888 So.2d 1147, writ denied, 05-0046 (La.3/18/05), 896 So.2d 1007, in support of their assertion that Section 23:1102B does not require that the third person actually be liable for the employee’s damages. Of these cases, only Lavergne involves a released party who was ultimately found to be free from fault; however, more importantly, all of the cited cases are distinguishable because the courts were applying Subpart C of Section 23:1102, not Subpart B. Section 23:1102C applies only when (1) an employee has filed a suit against a third party defendant, (2) the employer or its insurer has intervened in the suit, (3) the employee and third party defendant enter a compromise without the written approval of the employer or his insurer, and (4) the employee fails to pay to the employer or his insurer the total amount of benefits out of the funds received from the compromise. Under those circumstances, the third party defendant or his insurer is required to reimburse the employer or his insurer the total amount of benefits previously paid to or on behalf of the employee. La. R.S. 23:1102C(1); see also Grimmer, 537 So.2d at 301-02.
Section 23:1102C(1) is factually inapplicable to this case, and Advantage Personnel and Timbermen are not attempting to enforce it in this proceeding. No intervention had been filed on behalf of Advantage Personnel or Timbermen when the compromise was executed, because the compromise was entered into before the tort suit petition was filed. Because Advantage Personnel and Timbermen seek relief in this proceeding under Section 23:1102B, the cases cited by them construing Section 23:1102C(1) are not applicable.
112The evidence offered in connection with the motion for summary judgment does not establish as an undisputed fact that Marchand and Marchand Machinery were “third persons” legally liable to pay damages to Van Cleave. This issue of material fact precludes a summary judgment declaring that Van Cleave forfeited his right to future benefits by entering the settlement agreement and releasing Mar-chand and Marchand Machinery without the approval of Advantage Personnel or Timbermen. Accordingly, the trial court did not err in denying the motion for summary judgment on this basis.[7]
2. General Insurance in its Capacity as UM Insurer
Advantage Personnel and Timbermen alternatively argue that even if the $500,000.00 payment to Van Cleave was completely under the UM coverage of the General Insurance policy, his execution of the settlement agreement releasing General Insurance triggers the application of *230 Section 23:1102B because General Insurance, as a UM insurer, is a “third person” legally liable for the compensable injury. See Travelers Insurance Company, 656 So.2d at 1002.
In Travelers Insurance Company, a compensation insurer filed suit pursuant to Louisiana Revised Statute 23:1101B against the employer’s UM insurer seeking to recover compensation benefits paid to an employee injured in an automobile accident. Travelers Insurance Company, 656 So.2d at 1001. Section 1101B provides that an employer or compensation insurer who has paid compensation benefits may bring “a suit in district court against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents.” La. R.S. 23:1101B.
The UM insurer filed a motion for summary judgment asserting that it was not a third person or, alternatively, that its policy excluded reimbursement of | ^workers compensation payments pursuant to an exclusion that precluded coverage for “the direct or indirect benefit of any insurer or self insurer under any workers compensation, disability benefits or similar law.” Travelers Insurance Company, 656 So.2d at 1001, 1003.[8] The trial court granted the summary judgment on both grounds, but the court of appeal reversed. Travelers Insurance Company, 656 So.2d at 1001. The supreme court granted writs and held that a UM insurer is a “third person” legally liable to pay an employee damages resulting from a work-related automobile accident; however, the court further held that an employer is not statutorily prohibited from contracting with its UM insurer to exclude compensation reimbursement. Travelers Insurance Company, 656 So.2d at 1004. Thus, a UM policy may validly exclude compensation reimbursement to a workers’ compensation insurer; and where such an exclusion exists, the compensation insurer has no cause of action for reimbursement against the employer’s UM insurer. Travelers Insurance Company, 656 So.2d at 1004-1005. See also Bergeron v. Williams, 99-0886 (La.App. 1 Cir. 5/12/00), 764 So.2d 1084, 1088, writ denied, 00-1697 (La.9/15/00), 768 So.2d 1281. Finding the policy excluded coverage for the “direct or indirect benefit of’ a compensation insurer or self-insurer, the court granted summary judgment and dismissed the suit against the UM insurer. Travelers Insurance Company, 656 So.2d at 1003-1005.
Although Travelers Insurance Company addressed the right of action granted by Section 23:1101B to an. employer or compensation insurer against a third person legally liable for the compensable injury, this court extended the rationale of that decision to hold that a compensation insurer is not entitled to a credit against future benefits under Section 23:1102B for UM benefits paid under a policy containing the same exclusion. Bergeron, 764 So.2d at 1089. The Bergeron court concluded that disallowing a credit under those circumstances 114protects the employee’s right to full recovery as a victim of an underin-sured tortfeasor and respects the rights of the employer and its UM insurer to freely contract regarding matters not forbidden by law. Bergeron, 764 So.2d at 1089. See also Cleaning Specialists, Inc. v. Johnson, 96-2677 (La.App. 4 Cir. 5/21/97), 695 So.2d 562, 565, writ denied, 97-1687 (La.10/3/97), 701 So.2d 210; but see Tolbird v. Wyble, 38,969 (La.App. 2 Cir. 12/15/04), 892 So.2d 103, 111, wit denied, 05-0444, 05-0449 (La.4/29/05), 901 So.2d 1066,1067.
Advantage Personnel and Timbermen contend that Bergeron is not controlling *231 because it was decided prior to the decisions in Bellard and Cutsinger, wherein the supreme court held that a UM insurer and workers’ compensation insurer are sol-idary obligors to the extent their obligations are co-extensive for lost wages and medical expenses. Bellard, 980 So.2d at 666; Cutsinger, 12 So.3d at 951-953. The argument continues that as to a debt for which the insurers are solidarily liable (the payment of lost wages and medical expenses), the payment of the debt by one exonerates the other from liability. We find both Cutsinger and Bellard to be distinguishable.
In Cutsinger and Bellard, the supreme court interpreted and applied Louisiana Civil Code article 1794 which generally governs solidary obligors. Neither Cut-singer nor Bellard involves the interpretation of Section 23:1102B. Our holding in Bergeron was based upon our interpretation of Section 23:1102B and the policy considerations involved in its enactment and was not dependent upon the nature of the obligation and whether it was solidary or otherwise. Accordingly, we find that Bergeron is controlling in this case, and was not overruled or modified by the supreme court’s decisions in Bellard and Cutsinger.
The exclusion in the General Insurance policy applicable to workers’ compensation insurers is identical to the exclusion that was before the courts in Travelers Insurance Company and Bergeron. Therefore, Advantage Personnel and | ^Timbermen are not entitled to a credit against future benefits for any payments made to the Van Cleaves under the UM portion, of the policy. Bergeron, 764 So.2d at 1089; Cleaning Specialists, Inc., 695 So.2d at 565.
Nevertheless, Advantage Personnel and Timbermen still contend that because Van Cleave did not obtain written approval of the UM settlement under Section 23:1102B, he forfeited his future benefits. This contention cannot be reconciled with the holdings of Travelers Insurance Company and Bergeron. Under those cases, when a UM policy contains a Travelers exclusion, the employer and its compensation insurer cannot pursue a reimbursement claim against the UM carrier under Section 23:1101B, nor are they entitled to a credit against future compensation benefits in the amount of the settlement under Section 23:1102B. See Travelers Insurance Company, 656 So.2d at 1004-1005; Bergeron, 764 So.2d at 1089. We see no rationale for requiring employer approval of a settlement under such circumstances. Requiring approval of the settlement by an employer or compensation insurer who has no financial interest in the settlement would serve no beneficial purpose, nor would penalizing the employee with a forfeiture of future benefits for failing to secure that approval.
Accordingly, the evidence offered on the motion for summary judgment does not establish that Advantage Personnel and Timbermen are entitled to judgment as a matter of law declaring either a credit against future benefits or a forfeiture of future benefits based upon the settlement of Van Cleave’s UM claim against General Insurance. This assignment of error has no merit.
B. Trial on the Merit s: Credit and Forfeiture of Benefits under Section 23:1102B
Now, addressing the issues raised following the trial on the merits, Advantage Personnel and Timbermen assert several assignments of error concerning the determination by the WCJ that the settlement agreement did not result in the forfeiture of future benefits or a credit against those benefits.
*232 |1fiIn workers’ compensation cases, the appropriate standard of review to be applied by appellate courts is the manifest error-clearly wrong standard. Smith v. Lafarge North America, L.L.C., 12-0337 (La.App. 1 Cir. 11/2/12), 111 So.3d 379, 382; Dawson v. Terrebonne General Medical Center, 10-2130 (La.App. 1 Cir. 5/19/11), 69 So.3d 622, 626. To reverse a factual finding by a workers’ compensation judge, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the judge and that the record establishes that the finding is clearly wrong. Smith, 111 So.3d at 382; Dawson, 69 So.3d at 626. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact-finder’s conclusion was a reasonable one. Smith, 111 So.3d at 382; Dawson, 69 So.3d at 627. Where two permissible views of the evidence exist in a workers’ compensation case, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Smith, 111 So.3d at 382; Dawson, 69 So.3d at 627.
1. Forfeiture or Credit under Section 23:1102B
In assignments of error II, III, and V, Advantage Personnel and Timber-men contend that the WCJ erred in concluding that (1) the settlement agreement was a settlement of UM claims only, (2) Van Cleave did not forfeit his right to future benefits, and (3) appellants were not entitled to a credit against future compensation benefits in the amount of the settlement. As explained above, the critical determination under Section 23:1102B in this case is whether Advantage Personnel and Timbermen proved that Van Cleave compromised a claim against a “third person,” that is, a person who had a “legal liability to pay damages” for the injuries sustained in the accident. Whether the settlement was limited to a UM claim only is only part of the evidence introduced relative to this issue.
According to the uniform motor vehicle incident report, which was filed as an exhibit without objection, the accident occurred when the adverse driver, 117Temple, crossed the centerline and impacted the Marchand truck in a head-on collision as the Marchand truck was braking and entering the shoulder on its side of the road in an apparent attempt to avoid the oncoming Temple vehicle. Two motorists traveling ahead of Marchand informed the investigating officer that the Temple vehicle began crossing the centerline as it approached, forcing both motorists to veer onto the shoulder of the road to avoid a collision. The Temple vehicle continued across the roadway until it impacted the Marchand truck. Temple was issued multiple citations, including operating a vehicle while intoxicated, and the investigating officer concluded that Temple’s actions were the cause of the accident. Temple was clearly at fault in causing the accident.
The settlement check was also before the court at the trial but does not support a finding of liability on the part of Mar-chand and Marchand Machinery. As previously noted, the check indicated on its face that it was issued under the “UIM” coverage, and Van Cleave attested in his affidavit that the settlement was under the UM portion of the General Insurance policy. However, the policy declaration page identifies only $100,000.00 in UM coverage and $1,000,000.00 in liability limits, which suggests that at least some of the settlement funds were paid under the policy’s liability coverage. A certified copy of the General Insurance policy was admitted into evidence and contains only a blank, unsigned UM rejection form. No other evidence of UM rejection was introduced. The blank, unsigned UM rejection form does not reflect a valid rejection of UM *233 coverage or selection of lower limits. Absent a valid rejection or selection of lower UM limits, the General Insurance policy provided UM coverage in an amount equal to the liability limits of $1,000,000.00. See La. R.S. 22:1295(l)(a)(i).
The settlement agreement reflects that the Van Cleaves “agreed to split the policy limit ... on a 50/50 basis with the Mar-chand family.” Marchand was the driver of the insured vehicle, so any payment to his family under the policy was 11Rnecessarily limited to the UM coverage, Marchand’s family had no claim to any proceeds under the liability coverage of the policy because that coverage protects Marchand (the insured driver) against claims by other parties; it does not provide first-party coverage for Marchand’s injuries.[9] Based on the evidence presented, the lower court’s conclusion that the General Insurance policy contained UM coverage in the amount of $1,000,000.00 and that the UM policy limit was equally split between the Van Cleaves and the Marchand family was reasonable and not clearly wrong.
We find no manifest error in the conclusion by the WCJ that Advantage Personnel and Timbermen did not meet their burden of proving that Van Cleave forfeited his right to future workers’ compensation benefits or that the claimants were entitled to a credit against those benefits pursuant to Section 23:1102B.
2. Credit for Payment by Solidary Obli-gor under Louisiana Civil Code Article 1794
In the remaining assignment of error, appellants contend that the trial court erred in failing to apply the law of solidary obligors providing that payment by one solidary obligor relieves the other solidary obligor of liability to the obligee. See La. Civ.Code art. 1794. Relying on the holdings in Bellard and Cutsinger, Advantage Personnel and Timbermen argue that they are solidary obligors with General Insurance for the payment of lost wages and medical expenses for Van Cleave, so the $500,000.00 payment by General Insurance extinguished their obligation to pay future benefits up to the amount of that payment.
The workers’ compensation insurer and UM insurer are solidary obligors only to the extent that their obligations are coextensive for lost wages and medical expenses. Cutsinger, 12 So.3d at 951-952; Bellard, 980 So.2d at 666. The insurers are not solidary obligors for other damages, such as pain and suffering or 119loss of consortium, because the workers’ compensation insurer has no liability for those damages under the exclusive remedy provision of the workers’ compensation act. See La. R.S. 23:1032.
The record contains no proof of how much, if any, of the $500,000.00 payment consisted of lost wages and medical expenses, as opposed to compensation for other damages that are recoverable by the Van Cleaves only from General Insurance. Accordingly, Advantage Personnel and Timbermen failed to prove to what extent, if any, General Insurance paid the parties’ solidary obligation for medical expenses and lost wages.[10]
CONCLUSION
Finding no errors by the WCJ, we affirm the August 16, 2012 judgment deny *234 ing the claimants’ motion for summary judgment and the March 7, 2013 judgment denying all relief to the claimants and dismissing the case with prejudice-All costs of this appeal are assessed to Advantage Personnel and Louisiana Safety Association of Timbermen.
AFFIRMED.
WHIPPLE, C.J., concurs & assigns reasons.

. Marchand Machinery is named in the tort suit petition as "Marchand Machinery Maintenance Co. — K, LLC.”

. See Bellard v. American Central Insurance Co., 07-1335 (La.4/18/08), 980 So.2d 654, 666, and Cutsinger v. Redfem, 08-2607 (La.5/22/09), 12 So.3d 945.

. The denial of a motion for summary judgment is generally a non-appealable, interlocutory judgment; however, it may be reviewed on an appeal of a final judgment in the suit. See La.Code Civ. Pro. arts. 968 and 2083; *226 Starkey v. Livingston Parish Council, 12-1787 (La.App. 1 Cir. 8/6/13), 122 So.3d 570, 573 n. 1.

. Section 23:1102B concludes with a “buy back’’ provision whereby an employee who failed to secure the necessary settlement approval may reserve the right to continued compensation benefits by reimbursing the employer or insurer the total amount of benefits previously paid to or on behalf of the employee, exclusive of attorney fees. This "buy back” provision is not at issue in the present case.

. The phrase also includes any party who causes an aggravation of the employment related injury. La. R.S. 23:1101C.

. General Insurance in its capacity as a UM insurer for Van Cleave is addressed subsequently in this opinion.

. For these same reasons, the trial court did not err when it refused to find that General Insurance, in its capacity as the liability insurer of Marchand and Marchand Machinery, was a "third person” legally liable to pay damages to Van Cleave.

. The exclusion is sometimes referred to herein as the “Travelers exclusion.”

. The liability portion of the policy contains the typical insuring agreement whereby the insurer agrees to pay “all sums an ‘insured’ legally must pay as damages” caused by an accident and subject to various exclusions.

. In light of the absence of any evidence of payment of the solidary obligation, we preter-mit discussion of whether an employer or compensation insurer can seek a credit under Article 1794 for a payment by a third person to the employee, or whether Section *234 23:1102B exclusively governs the credit, if any, arising out of such a payment.