722 So.2d 74 (1998)
Julie A. LeJEUNE
v.
Brenda BREWSTER, Independent Fire Insurance Company and Commercial Union Insurance Company.
No. 97 CA 2342.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
*75 Walter R. Krousel, III, Joseph J. McKernan, Baton Rouge, for Plaintiff Julie A. LeJeune.
Philip G. Caire, Baton Rouge, for Intervenor/Appellant Louisiana Pest Control Insurance Company.
Daniel R. Atkinson, Jr., Baton Rouge, for Defendant/Appellee Commercial Union Insurance Company.
Walter K. Jamison, III, Lafayette, for Defendants Independent Fire Insurance Company and Brenda Brewster.
Before SHORTESS, C.J., and CARTER and WHIPPLE, JJ.
WHIPPLE, Judge.
The issue presented in this appeal is whether an employer's workers' compensation insurer has a right to reimbursement from the employer's uninsured/underinsured ("UM") motorist insurer where the injured employee's attorney allegedly "acknowledged" the workers' compensation insurer's right to reimbursement, but where the UM policy specifically excludes any benefit to the workers' compensation insurer. The intervening workers' compensation insurer herein appeals from a judgment, granting the motion for summary judgment filed on behalf of the employer's UM insurer, and dismissing the workers' compensation insurer's petition of intervention with prejudice. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On June 22, 1993, plaintiff, Julie LeJeune, was involved in an automobile accident while in the course and scope of her employment with Dugas Pest Control. At the time of the accident, plaintiff was driving a vehicle owned by her employer. Thereafter, she filed a petition for damages, naming as defendants Brenda Brewster, the driver of the other vehicle; Independent Fire Insurance Company ("Independent Fire"), Brewster's automobile liability insurer; and Commercial Union Insurance Company, the UM insurer of plaintiff's employer.
As a result of the accident in question, Louisiana Pest Control Insurance Company ("LAPEST"), the workers' compensation insurer of plaintiff's employer, paid workers' compensation benefits and medical expenses to or on behalf of plaintiff. Consequently, LAPEST intervened in plaintiff's suit seeking to be paid preferentially out of any sum awarded to plaintiff against defendants for the amounts it had already paid and would be obligated to pay in the future on behalf of plaintiff.
Plaintiff and LAPEST subsequently entered into a settlement with defendants, Brewster and Independent Fire. Consequently, the claims of plaintiff and LAPEST against Brewster and Independent Fire were dismissed with prejudice. Both plaintiff and LAPEST reserved any claims they had against Commercial Union, the only remaining defendant.
Thereafter, Commercial Union filed a motion for summary judgment, seeking to have LAPEST's petition of intervention dismissed on the basis of an exclusion in the UM policy Commercial Union had issued to Dugas Pest Control. The exclusion purported to exclude from coverage compensation reimbursement for the benefit of a workers' compensation insurer. Following a hearing on the motion, the trial court granted the motion for summary judgment on behalf of Commercial Union and dismissed LAPEST's petition of intervention with prejudice. From this judgment, LAPEST appeals.

*76 DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial, where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir. 6/20/97); 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97); 703 So.2d 29. It should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, and is now favored. LSA-C.C.P. art. 966. The initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967; Berzas v. OXY USA, Inc., 29,835, pp. 7-9 (La.App. 2nd Cir.9/24/97); 699 So.2d 1149, 1154.
Appellate courts review summary judgments de novo under the same criteria that governs the trial court's consideration of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 at p. 7; 696 So.2d at 1035.
Regarding LAPEST's right to reimbursement, the workers' compensation scheme provides compensation insurers with a reimbursement cause of action against third persons legally liable to pay damages to an injured employee, including a UM insurer. LSA-R.S. 23:1101(A) and (B); Travelers Insurance Company v. Joseph, 95-0200, pp. 7-8 (La.6/30/95); 656 So.2d 1000, 1003. Pursuant to this scheme, the workers' compensation insurer must be paid in preference from any judgment rendered against a third person. LSA-R.S. 23:1103; Travelers Insurance Company, 95-0200 at p. 8; 656 So.2d at 1004.
Nonetheless, despite this statutorily granted reimbursement claim, the Louisiana Supreme Court, relying upon an individual's freedom to contract and the strong public policy considerations supporting full UM recovery, has held that there is no statutory prohibition against an employer contracting with its UM insurer to exclude compensation reimbursement. Thus, a UM policy may validly exclude compensation reimbursement to a workers' compensation insurer. Travelers Insurance Company, 95-0200 at pp. 8-11; 656 So.2d at 1004. Where a valid exclusion exists in an employer's UM policy, the employer's workers' compensation insurer has no cause of action for reimbursement against the employer's UM insurer. Travelers Insurance Company, 95-0200 at pp. 11-12; 656 So.2d at 1004-1005; Cleaning Specialists, Inc. v. Johnson, 96-2677, pp. 3-6 (La.App. 4th Cir.5/21/97); 695 So.2d 562, 564-565, writ denied, 97-1687 (La.10/3/97); 701 So.2d 210.
Moreover, as noted by the Fourth Circuit, the exclusion applies equally whether the compensation insurer files suit directly against the UM carrier, as in Travelers, or whether the compensation insurer intervenes in the employee's suit against the UM insurer, as in the present case. Cleaning Specialists, Inc., 96-2677 at p. 4; 695 So.2d at 565. Additionally, where the exclusion prohibits any "direct or indirect" benefit to the compensation insurer, it applies to compensation already paid as well as to future compensation payments to be made by the compensation insurer. Cleaning Specialists, Inc., 96-2677 at p. 5; 695 So.2d at 565.
The exclusionary language in Commercial Union's policy herein is identical to the policy exclusions upheld in both Travelers and Cleaning Specialists, Inc.:
This insurance does not apply to:
* * *
2. The direct or indirect benefit of any insurer or self-insurer under any workers' *77 compensation, disability benefits or similar laws.
Thus, it is clear that under the policy and the Supreme Court's dictates in Travelers, LAPEST has no right to seek reimbursement of compensation benefits paid or to be paid against Commercial Union.
However, LAPEST argues that the instant case is distinguishable from Travelers and Cleaning Specialists, Inc., because it has a contractual right to reimbursement by virtue of a letter between counsel for LAPEST and plaintiff's counsel. The letter, prepared by LAPEST's attorney, sets forth the agreement between counsel for these two parties as to disbursement of the settlement proceeds from Independent Fire. Specifically, the letter sets forth that LAPEST was to receive one-third of the settlement proceeds with plaintiff receiving the remaining two-thirds of the proceeds. Additionally, the letter states as follows: "Julie LeJeune acknowledges the Intervention of LAPEST which shall be paid, without waiver or discount, from any future funds received by way of judgment, settlement and/or compromise in accordance with the applicable laws." The letter was submitted to plaintiff's attorney for his signature, acknowledging approval and agreement with the substance of the letter.
LAPEST argues that this letter constitutes a valid contract with plaintiff, that this contract grants LAPEST a right to reimbursement, and that this contractual right to reimbursement creates an independent cause of action in its favor against plaintiff, rather than Commercial Union. Thus, LAPEST contends, this letter establishes that it has an interest in the present action, precluding summary judgment or, alternatively, that the validity and effect of this "letter contract" raise issues of material fact precluding summary judgment. LAPEST's argument fails for the following reasons.
First, we note that LAPEST did not assert an independent cause of action against plaintiff in its petition of intervention on the basis of a contractual right. In fact, the "letter contract" between counsel for plaintiff and LAPEST, which it now contends forms the basis of its action against plaintiff, is not mentioned in its petition. Rather, the cause of action asserted by LAPEST in its intervention is for reimbursement of its compensation obligation out of any judgment rendered against defendants and in favor of plaintiff, a subrogation right. LAPEST dismissed its reimbursement claim against defendants Brewster and Independent Fire, leaving a reimbursement claim against only Commercial Union.
Secondly, the letter relied upon by LAPEST specifically provides that pursuant to its intervention, LAPEST would be paid "from any future funds received by way of judgment, settlement and/or compromise in accordance with the applicable laws." (Emphasis added). While the applicable statutory laws do grant a compensation insurer a right to reimbursement against third parties, LSA-R.S. 23:1101, the applicable jurisprudence limits this right to reimbursement by providing that a UM insurer may expressly exclude a compensation insurer's reimbursement in its UM policy. Travelers Insurance Company, 95-0200 at p. 12; 656 So.2d at 1005. Thus, by simply acknowledging LAPEST's petition of intervention, plaintiff could not grant to LAPEST any greater rights than those to which it was entitled by law. Because of the exclusionary provision in Commercial Union's policy, LAPEST is prevented from receiving any "direct or indirect benefit" from the Commercial Union policy. Clearly, despite the "acknowledgment" of its intervention by plaintiff, LAPEST could not attempt to gain indirectly that which it was prevented from gaining directly, i.e., reimbursement from proceeds of the Commercial Union policy.
Thus, we conclude that Commercial Union established that there were no genuine issues of material fact and that it was entitled to judgment in its favor as a matter of law. We, therefore, find no error in the trial court's judgment, granting Commercial Union's motion for summary judgment and dismissing LAPEST's petition of intervention with prejudice.

CONCLUSION
For the above and foregoing reasons, the June 27, 1997 judgment, dismissing LAPEST's *78 intervention with prejudice, is affirmed. Costs of this appeal are assessed against intervenor, Louisiana Pest Control Insurance Company.
AFFIRMED.