764 So.2d 1084 (2000)
Allie P. BERGERON
v.
Donald WILLIAMS, Allstate Insurance Company and State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles.
Patrick Pellegrin and Joycelyn Pellegrin, Individually and on Behalf of Their Minor Child, Faith Pellegrin
v.
Donald Williams, Allstate Insurance Company and State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles.
Nos. 99 CA 0886, 99 CA 0887.
Court of Appeal of Louisiana, First Circuit.
May 12, 2000.
Writ Denied September 15, 2000.
*1086 Dennis J. Elfert, Danny J. Lirette, Houma, Counsel for Plaintiff/Appellee, Allie P. Bergeron.
Gregg J. Graffagnino, Houma, Counsel for Plaintiffs/Appellees, Patrick Pellegrin and Joycelyn Pellegrin, Individually and on behalf of their minor child, Faith Pellegrin.
Ray A. Collins, Larose, Counsel for Defendants/Appellees, Allstate Insurance Company and Donald Williams.
Christopher H. Riviere, Thibodaux, Counsel for Defendants/Appellees, Bluewater, Rubber & Gasket Co. and Audubon Indemnity Insurance Co.
David M. Cambre, New Orleans, Counsel for Defendant/Appellee, Audubon Indemnity Co.
Musa Rahman, Baton Rouge, Counsel for Intervenor/Appellant, Louisiana Workers' Compensation Corporation.
Debra K. Basile, Assistant Attorney General, Lafayette, Counsel for Defendant/Appellee, State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles.
Before: GONZALES, FITZSIMMONS and WEIMER, JJ.
GONZALES, J.
In this appeal, the trial court granted the plaintiffs' motions for summary judgment, dismissing a claim of intervention filed by their employer's workers' compensation insurer. The trial court determined the workers' compensation insurer was not entitled to reimbursement under La. R.S. 23:1102(A), or to credit under La. R.S. 23:1102(B), against proceeds paid to the plaintiffs under the employer's uninsured/underinsured motorist insurance policy.

FACTUAL AND PROCEDURAL BACKGROUND
On July 31, 1996, Allie P. Bergeron and Patrick Pellegrin (plaintiffs) were struck and seriously injured by a car driven by Donald Williams on Louisiana Highway 3185 in Lafourche Parish. At the time of the accident, the plaintiffs were in the course and scope of their employment with Bluewater Rubber and Gasket Company (Bluewater). Following the accident, Bluewater's workers' compensation insurer, Louisiana Workers' Compensation Corporation (LWCC), paid the plaintiffs medical benefits, indemnity benefits, and rehabilitation expenses.
The plaintiffs subsequently filed suit[1] against Mr. Williams; Allstate Insurance Company, his liability insurer; the State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles; and Audubon Indemnity Company (Audubon), Bluewater's uninsured motorist (UM) *1087 insurer.[2] LWCC filed a petition of intervention, seeking reimbursement of all payments made to or expenses incurred on behalf of the plaintiffs, as well as a credit for any future obligation of LWCC to pay benefits to the plaintiffs against their recovery from Audubon or any other defendant.
The plaintiffs settled their claims against Audubon for the $1 million policy limit, each receiving $500,000.00, and subsequently dismissed their suit against Audubon.[3]
The plaintiffs filed motions for summary judgment, contending LWCC was precluded from asserting rights against any recovery from Audubon based on an exclusion in Audubon's UM policy. LWCC filed a cross motion for summary judgment, seeking recognition of both its right to reimbursement for amounts already paid, and its right to a credit against its future compensation obligation to the plaintiffs. The trial court held a hearing on the motions and, thereafter, signed one judgment, denying LWCC's motion for summary judgment, and a second judgment, granting the plaintiffs' motions for summary judgment "to the extent that the claim of [LWCC], for reimbursement under R.S. 23:1102(A) and/or a credit pursuant to R.S. 23:1102(B) as to the third party UM policy, namely that of Audubon Insurance Company, is denied."
LWCC appeals from the second judgment, claiming the trial court erred in (1) denying it a dollar for dollar credit against its future compensation obligation to the plaintiffs in the amount of plaintiffs' recovery from Audubon, and (2) finding the right of future credit is accessory to the right of reimbursement.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial, where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97); 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. It should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, and is now favored. La. C.C.P. art. 966. The initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966 and 967; LeJeune v. Brewster, 97-2342 (La.App. 1 Cir. 11/6/98), 722 So.2d 74, 76. Appellate courts review summary judgments de novo under the same criteria that governs the trial court's consideration of whether summary judgment is appropriate. Sanders, 696 So.2d at 1035.
Under the workers' compensation scheme, a compensation insurer has a reimbursement cause of action against third persons legally liable to pay damages to an injured employee, including a UM insurer. La. R.S. 23:1101(A) and (B); Travelers Insurance Company v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000, 1003. Pursuant to this scheme, the workers' *1088 compensation insurer must be paid in preference from any judgment rendered against a third person. La. R.S. 23:1103; Travelers Insurance Company, 656 So.2d at 1004. Further, if a compromise with such third person is made by the employee, the workers' compensation insurer shall be liable to the employee for any benefits which are in excess of the full amount paid by such third person, only after the insurer receives a dollar for dollar credit against the full amount paid in compromise. La. R.S. 23:1102(B) and La. R.S. 23:1103(A).
Despite the statutorily granted reimbursement claim, the Louisiana Supreme Court, relying upon an individual's freedom to contract and the strong public policy considerations supporting full UM recovery, has held that there is no statutory prohibition against an employer contracting with its UM insurer to exclude compensation reimbursement. Thus, a UM policy may validly exclude compensation reimbursement to a workers' compensation insurer. Travelers Insurance Company, 656 So.2d at 1004. Where a valid exclusion exists in an employer's UM policy, the employer's workers' compensation insurer has no cause of action for reimbursement against the employer's UM insurer. Travelers Insurance Company, 656 So.2d at 1004-1005; LeJeune, 722 So.2d at 76.
In this case, Bluewater's policy with Audubon contained an exclusion identical to the exclusion at issue in Travelers Insurance Company: "This insurance does not apply to ... [t]he direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law." Therefore, under the policy and Travelers Insurance Company, it is clear LWCC has no reimbursement claim against Audubon for amounts it has already paid to the plaintiffs. However, the issue on appeal is whether the exclusion in Audubon's policy also precludes LWCC from claiming a credit from the plaintiffs against settlement proceeds they have received from Audubon for compensation to be paid in the future. LWCC argues that Audubon has paid its policy limits to the plaintiffs, and now Audubon's policy language has no bearing on LWCC's relationship with, or claim for credit against, the plaintiffs. Although this issue was not addressed in Travelers Insurance Company, it has been addressed by the Third and Fourth Circuit Courts of Appeal.
In Cleaning Specialists, Inc. v. Johnson, 96-2677, 97-0001 (La.App. 4 Cir. 5/21/97), 695 So.2d 562, 565, writ denied, 97-1687 (La.10/3/97), 701 So.2d 210, the Fourth Circuit Court of Appeal denied a workers' compensation insurer's claim for future credit against an employee who had settled with his employer's UM insurer. Interpreting the exclusionary clause in the UM policy which prohibited any "direct or indirect benefit" to the workers' compensation insurer, the Cleaning Specialists, Inc. court held that a credit against future obligations would certainly be an indirect benefit, if not a direct one. Cleaning Specialists, Inc., 695 So.2d at 565. In Watson v. Funderburk, 98-618 (La.App. 3 Cir. 10/28/98), 720 So.2d 808, writ denied, 98-2961 (La.1/29/99), 736 So.2d 834, the Third Circuit Court of Appeal reached the same result as that reached in the Cleaning Specialists, Inc. case.[4] This court, in Le-Jeune v. Brewster, 97-2342 (La.App. 1 Cir. 11/6/98), 722 So.2d 74, 76 has noted the holdings of Travelers Insurance Company and Cleaning Specialists, Inc., but has only been required to address the validity of the compensation insurer's reimbursement *1089 claim against a UM insurer. The LeJeune court did not face the validity of a compensation insurer's claim for future credit against employees who had received proceeds under a UM policy.[5]
We agree that LWCC's right to a future credit falls within the terms of the exclusion clause contained in the insurance policy between Bluewater and Audubon. As pointed out in Cleaning Specialists, Inc., 695 So.2d at 565, the right to a future credit is a benefit to LWCC, whether it be direct or indirect. Further, we note that, in Travelers Insurance Company, 656 So.2d at 1004, the supreme court emphasized the strong public policy supporting full recovery for innocent automobile accident victims by making UM coverage available when they are injured by impecunious tortfeasors, as well as the importance of Louisiana Civil Code principles establishing freedom to contract on all matters not forbidden by law.
These same public policies lead us to the conclusion that the exclusion clause in Audubon's policy precludes LWCC's right to claim a future credit just as it precludes LWCC's right to claim reimbursement. Disallowing LWCC's future credit claim against the plaintiffs will protect their rights to full recovery as victims of an underinsured tortfeasor.[6] Further, it will respect the rights of Bluewater and Audubon to freely contract regarding matters not forbidden by law.

DECREE
For the foregoing reasons, the trial court's judgment, granting the plaintiffs' motions for summary judgment, is AFFIRMED. The trial court reached the correct result in denying LWCC's claim for a credit as to the proceeds of Audubon's UM policy.[7] Costs of this appeal are assessed to LWCC.
NOTES
[1] Mssrs. Bergeron and Pellegrin filed separate lawsuits which were later consolidated. Further, the petition in Mr. Pellegrin's suit also named his wife and daughter as plaintiffs.
[2] The plaintiffs' claims against Mr. Williams, Allstate Insurance Company, and the State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles, are not at issue in this appeal.
[3] The order of dismissal in the Pellegrin suit does not specifically include a dismissal of the claims of Mr. and Mrs. Pellegrin's minor daughter.
[4] Similarly, in Landry v. Martin Mills, Inc., 98-1395 (La.App. 3 Cir. 3/3/99), 737 So.2d 58, 63, writ denied, 99-0957 (La.6/4/99), 744 So.2d 625, the Third Circuit Court of Appeal held that a self-insured employer which entered into a contract with its UM insurer excluding "any direct or indirect benefit to the workers' compensation insurer" could not recover workers' compensation benefits paid or payable to the employee because such would violate its own contract.
[5] After discussing Travelers Insurance Company and Cleaning Specialists, the LeJeune court stated, 722 So.2d at 77: "Thus, it is clear that under the policy and the Supreme Court's dictates in Travelers, [the workers' compensation insurer] has no right to seek reimbursement of compensation benefits paid or to be paid against [the UM insurer]." Because the only right at issue in LeJeune was the compensation insurer's right of reimbursement, the language addressing the compensation insurer's future credit claim was dicta.
[6] According to discovery contained in the record, Mr. Williams' policy with Allstate had limits of $10,000/$20,000.
[7] Because we conclude the trial court reached the correct result in granting the plaintiffs' motions for summary judgment, we need not address LWCC's second assignment of error regarding the reasons given by the trial court for granting the motions. Appeals are taken from judgments, not reasons for judgments. Therefore, regardless of the reasons, if a judgment is correct, it should be affirmed. Andre v. Construction Material Shop, 93-1212 (La.App. 1 Cir. 3/11/94), 633 So.2d 1313, 1318; Dufour v. Horton, 609 So.2d 1109, 1113 (La.App. 2 Cir.1992).