849 So.2d 588 (2003)
Ruth RUSSELL
v.
SNELLING PERSONNEL.
No. 2002 CA 1347.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
Greg Unger, Metairie, Counsel for Appellant Ruth Russell.
Bradley Naccari, Metairie, Counsel for Appellee Snelling Peronnel.
Before: FOIL, McCLENDON, and KLINE,[1] JJ.
KLINE, J.
This is an appeal from a workers' compensation judgment granting a motion for summary judgment and dismissing Ruth Russell's claim against her employer, Snelling Personnel, and the Louisiana Insurance Guaranty Association ("LIGA"). Ms. Russell filed this claim after her workers' compensation benefits were interrupted due to the insolvency of Snelling's workers' compensation insurer, Reliance National Insurance Company[2] ("Reliance"). For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On December 15, 1999, Ms. Russell injured her left arm when she was struck by a forklift. At the time of her injury, Ms. Russell was employed by Snelling Personnel and the accident arose out of and was within the course and scope of her employment. *589 As a result, temporary total disability indemnity benefits and medical benefits were paid to her.
On October 26, 2001, Ms. Russell's TTD benefits and medical benefits were discontinued after Reliance, Snelling's workers' compensation carrier, was declared insolvent. On November 6, 2001, Ms. Russell filed a disputed claim for compensation with the Office of Workers' Compensation against Snelling and LIGA, seeking penalties and attorney's fees, costs and interest for Snelling's failure to timely pay workers' compensation benefits and for penalties and attorney's fees for Snelling's refusal to authorize a change of treating orthopaedic surgeons. LIGA assumed responsibility for payment of Ms. Russell's TDD indemnity benefits and medical benefits and resumed payment to Ms. Russell on December 11, 2001, issuing a check retroactive to October 26, 2001.
On April 11, 2002, Snelling and LIGA filed a motion for summary judgment requesting that Ms. Russell's claims should be dismissed because LIGA cannot be made to pay penalties and attorney's fees for the alleged arbitrary and capricious conduct of the insolvent insurer, and that Ms. Russell admitted that she exercised her choice of orthopaedic specialist. Ms. Russell filed a cross motion for summary judgment asserting that no genuine issues of material fact exist and that a summary judgment should be awarded in her favor, awarding penalties and attorney's fees against Snelling. An opposition to Ms. Russell's motion for summary judgment was filed on behalf of Snelling thereafter.
A hearing was held on April 26, 2002. The workers' compensation judge then rendered a judgment stating the following:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' Motion for Summary Judgment is GRANTED, DISMISSING WITH PREJUDICE plaintiff's claim for penalties and attorney's fees against both Snelling Personnel and LIGA with respect to the suspension of plaintiff's workers' compensation benefits from October 26, 2001 to December 11, 2001, due to the liquidation of Snelling Personnel's workers' compensation carrier, United Pacific Insurance Company. The Court finds that Snelling Personnel was not "at fault" in the termination/suspension of plaintiff's workers' compensation benefits.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's Motion for Summary Judgment with respect to her request to select a second choice of orthopedic specialist is DENIED.
Ms. Russell appeals the WCJ's judgment and asserts the following assignment of error:
The court erred by determining that Snelling was not at fault concerning the suspension/discontinuance of appellant's workers' compensation benefits.

LAW AND DISCUSSION
On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Simmons v. Berry, 98-0660, p. 4 (La.App. 1 Cir. 12/22/00), 779 So.2d 910, 913-14; J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 9 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, 202, writs denied, 97-3055, 97-3062 (La.2/13/98), 709 So.2d 753, 754. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of summary judgment does not dispose of the entire case. La. C.C.P. art. 966(E).
*590 The motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Bergeron v. Williams, 99-0886, 99-0887, p. 4 (La.App. 1 Cir. 5/12/00), 764 So.2d 1084, 1087, writ denied, XXXX-XXXX (La.9/15/00), 768 So.2d 1281; Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, and is now favored. La. C.C.P. art. 966(A)(2). The initial burden continues to remain with the mover to show that no genuine issue of material fact exists. Bergeron v. Williams, 99-0886 at pp. 4-5, 764 So.2d at 1087. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Bergeron v. Williams, 99-0886 at p. 5, 764 So.2d at 1087; LeJeune v. Brewster, 97-2342, pp. 3-4 (La.App. 1 Cir. 11/6/98), 722 So.2d 74, 76. In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751.
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Hardy v. Bowie, 98-2821, p. 6 (La.9/8/99), 744 So.2d 606, 610; Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 at p. 27, 639 So.2d at 751. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3 Cir.1991), writ denied, 596 So.2d 211 (La. 1992). Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 at p. 27, 639 So.2d at 751.
Because the applicable substantive law determines the materiality of facts in a summary judgment setting, we now turn to a discussion of the applicable law. See J. Ray McDermott, Inc. v. Morrison, 96-2337 at p. 11, 705 So.2d at 203.
Ms. Russell claims that the WCJ erred in finding that Snelling was not at fault in the suspension/discontinuance of her workers' compensation benefits. Ms. Russell argues that Snelling has always been responsible for payment of her workers' compensation benefits and should have paid them when Reliance could no longer pay. Ms. Russell asserts that Snelling was notified via certified mail, which it received on November 13, 2001, that her benefits had been discontinued and that she was requesting that Snelling pay her benefits. Ms. Russell's benefits were stopped on October 26, 2001. Her next payment was due on November 2, 2001. She received her next payment on December 11, 2001, from LIGA. Ms. Russell contends that Snelling did not reasonably controvert the *591 claim and, pursuant to La. R.S. 23:1201(F), Snelling is liable for penalties in the amount of $1,950.00 ($50.00 per day for thirty-nine days) and a reasonable attorney's fee of $10,000.00.
Two statutory provisions, La. R.S. 23:1201(F) and La. R.S. 23:1201.2, provide for the award of penalties and attorney fees in workers' compensation cases. The applicable statutory authority for assessing penalties and attorney fees depends on whether the insurer failed to commence or pay benefits in a timely fashion or whether benefits that had been timely paid were discontinued. Killett v. Sanderson Farms, XXXX-XXXX, p. 10 (La.App. 1 Cir. 5/10/02), 818 So.2d 853, 861. In Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41, 45 the Louisiana Supreme Court stated that La. R.S. 23:1201.2 applies only when an insurer or employer arbitrarily discontinues payment of benefits; La. R.S. 23:1201(F) applies only when there has been a failure to commence or pay benefits timely. The distinction drawn in the Williams case is significant because both penalties and attorney fees are recoverable under La. R.S. 23:1201(F), whereas only attorney fees are recoverable under La. R.S. 23:1201.2. Id.
Penalties and attorney fees shall be awarded if the employer or the insurer fails to timely pay benefits due claimant, unless the claim is reasonably controverted or such nonpayment results from conditions over which the employer or insurer had no control. La. R.S. 23:1201(F); Brown v. Texas-LA Cartage, Inc., 98-1063, p. 8 (La.12/01/98), 721 So.2d 885, 890. The supreme court in Brown stated that in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed. Brown, 98-1063 at p. 9, 721 So.2d at 890.
Louisiana Revised Statute 23:1201.2 reads as follows:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims.
A determination of whether a discontinuation of workers' compensation benefits is arbitrary, capricious or without probable cause, which triggers imposition of attorney fees, usually depends on the facts existing and known at the time benefits are terminated. Killett, XXXX-XXXX at p. 10-11, 818 So.2d at 862.
As stated by Ms. Russell, Snelling was notified via certified mail, which it received on November 13, 2001, that Ms. Russell's workers' compensation indemnity and medical benefits had been discontinued. Indemnity benefits were stopped on October 26, 2001, as a result of Reliance becoming insolvent. Ms. Russel's next installment of weekly indemnity benefits was due on November 2, 2001. LIGA began paying workers' compensation indemnity benefits on December 11, 2001, with an initial payment to include funds retroactive to October 26, 2001. The discontinuance of Ms. Russell's benefits under these circumstances is not deemed an arbitrary or capricious action by Snelling.

*592 CONCLUSION
For the foregoing reasons, the judgment of the workers' compensation judge granting Snelling's motion for summary judgment and dismissing Ms. Russell's claim against Snelling, is affirmed[3]. Costs of this appeal to be paid by Ms. Russell.
AFFIRMED.
McCLENDON, J., concurs and assigns reasons.
McCLENDON, J., concurring.
I concur. Snelling Personnel did not discontinue, terminate or cause the discontinuation of payment of workers' compensation benefits, nor was the interruption of benefits the fault of Snelling Personnel.
NOTES
[1] Hon. William F. Kline Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The workers' compensation judge, in its judgment, refers to Snelling's workers' compensation carrier as United Pacific Insurance Company. United Pacific Insurance Company is a former subsidiary which was previously merged into Reliance along with other subsidiaries, as stated in the Order of Liquidation.
[3] Gregory S. Unger, an intervenor and previous attorney for Ruth Russell, filed a motion for leave to file petition of intervention with this court on November 23, 2002. He asserted that he was retained by Ms. Russell to represent her in the instant claim, and he subsequently performed legal services on behalf of Ms. Russell, including the taking of the instant appeal. He prayed for recovery of reasonable attorney fees and costs by preference and priority from the proceeds of any settlement, compromise agreement or judgment in favor of Ms. Russell. His motion was referred to the merits. As the judgment of the WCJ dismissing Ms. Russell's claim is affirmed, Mr. Unger's motion is rendered moot.