WELCH, J.
^Defendant, Arkansas Blue Cross Blue Shield (Blue Cross), appeals a judgment of the Office of Workers’ Compensation (OWC) awarding claimant, Desiree Bennett, workers’ compensation benefits and outstanding medical expenses. We reverse and remand.
BACKGROUND
Most of the facts forming the basis for the instant dispute have been stipulated to by parties and can be gleaned from this court’s opinion in Bennett v. Trinity Universal Insurance Company, 2005-1957 (La.App. 1st Cir.9/15/06), 943 So.2d 1104 (Bennett I). In September 1997, while in the course and scope of her employment with Blue Cross, Ms. Bennett injured her back. The accident occurred outside of an office building owned by Turner United Partnership and United Companies Realty and Development Company (collectively referred to as “Turner”). Blue Cross leased its office in that building from Turner pursuant to a written lease agreement.
St. Paul Fire and Marine Insurance Company (St. Paul), Blue Cross’s workers’ compensation insurer, voluntarily paid weekly indemnity and medical expenses to and on behalf of Ms. Bennett following the accident. On August 18, 1998, Ms. Bennett filed a tort lawsuit against Turner and its liability insurer, Trinity Universal Insurance Company (Trinity). St. Paul intervened in the lawsuit, asserting its statutory right to be paid by preference out of any judgment or sums paid to Ms. Bennett and seeking reimbursement against the defendants for workers’ compensation benefits and medical payments made to and on behalf of Ms. Bennett as a result of the accident in the amount of $74,515.30.
In Bennett I, Turner filed a reconven-tional demand against St. Paul and a third party demand against Blue Cross, asserting that Blue Cross was responsible for any losses incurred by Turner because of *358 Blue Cross’s active breach of its | .¡contractual obligations contained in a lease agreement. Specifically, Turner claimed that Blue Cross breached a “Waiver of Subrogation” provision in the lease by which Blue Cross agreed to waive any right of subrogation against Turner and to cause its insurance carriers, including St. Paul, to do the same. Turner also relied on a hold harmless provision, in which Blue Cross agreed to indemnify it or reimburse Turner for any losses resulting from Blue Cross’s failure to perform its obligations under the lease agreement, which Turner insisted included the claims asserted by Ms. Bennett.
On August 10, 2001, Ms. Bennett settled with Turner for $250,000.00. The settlement was entered into without the written consent of Blue Cross or St. Paul. Thereafter, Ms. Bennett’s tort claims were dismissed, and Bennett I proceeded to resolve the issues raised by Turner against Blue Cross and St. Paul. The trial court dismissed Turner’s demands and ordered the defendants to reimburse St. Paul the full amount of the workers’ compensation payments made to Ms. Bennett, $74,515.30.
On appeal, the Bennett I defendants asserted that the trial court erred in failing to uphold the provision of the lease requiring Blue Cross to waive any subrogation rights and to cause its insurers to do the same. Construing the lease, this court found that Blue Cross’s obligation to waive subrogation and cause its carriers to also do so did not apply to Ms. Bennett’s claims related to or based upon defects in the defendants’ premises. This court further found that because defendants failed to obtain written approval for the compromise with Ms. Bennett from St. Paul, pursuant to La. R.S. 23:1102(0(1), defendants were required to reimburse St. Paul for its workers’ compensation lien.
Following this court’s decision in Bennett I, St. Paul obtained full reimbursement from Turner for the workers’ compensation benefits paid to or on behalf of Ms. Bennett prior to the settlement. On August 10, 2001, St. Paul | germinated Ms. Bennett’s compensation benefits based on her entering into the settlement with Turner without its approval. The parties stipulated that no benefits have been paid to Ms. Bennett since the settlement in the tort litigation.
In May 2002, Ms. Bennett filed a disputed claim against Blue Cross in the OWC (Bennett II). The dispute therein centered on pain management treatment that had not been authorized by Blue Cross. In that litigation, Blue Cross filed a peremptory exception raising the exception of no right of action and a motion for summary judgment. Regarding the exception of no right of action, Blue Cross argued that by settling with a third party without obtaining approval from her employer, Ms. Bennett forfeited her right to future compensation benefits. Alternatively, Blue Cross argued that until Ms. Bennett could show that she exhausted her settlement proceeds, she had no cause of action to recover the cost of medical treatment from her employer. In opposition thereto, Ms. Bennett contended that Blue Cross’s consent to her settlement with Turner was not required because Blue Cross waived its workers’ compensation subrogation claim against Turner in the written lease agreement.
On March 14, 2002, the workers’ compensation judge (WCJ) overruled the exception of no right of action and denied the motion for summary judgment. Blue Cross appealed, and this court dismissed the appeal on the basis that the rulings were interlocutory and non-appealable. Bennett v. Arkansas Blue Cross Blue Shield, 2003-1314 (La.App. 1st Cir.8/26/03)(unpublished action). On *359 March 14, 2005, the WCJ signed another judgment overruling the exception of no right of action and denying the motion for summary judgment, adding language to the effect that the judgment was a final one and that there is no just reason for the delaying the appeal. This court again dismissed the appeal, sua sponte, holding that the judgment appealed from was not a final judgment for the purpose of this court’s appellate jurisdiction.
IsOn September 28, 2009, the WCJ dismissed Bennett II without prejudice for Ms. Bennett’s failure to provide the court with a judgment. The judgment ordered that the action may be reinstated upon a showing of good cause within 30 days of the order. Nearly a year later, on April 9, 2010, Ms. Bennett filed the instant disputed claim for compensation against Blue Cross challenging Blue Cross’s termination of her compensation benefits and its failure to authorize pain management treatment. Blue Cross answered, asserting that Ms. Bennett’s claim has prescribed, that her claim is barred by the doctrine of res judicata because of the September 23, 2009 dismissal in Bennett II and this court’s ruling in Bennett I, and that her claim is barred because she settled her claim against a third party defendant without the written consent of her employer.
At the hearing, Blue Cross argued that no benefits were owed to Ms. Bennett until Ms. Bennett could prove that her benefits exceeded the amount she received in the third party settlement. It urged that Ms. Bennett forfeited her right to future benefits by entering into the settlement without her employer’s approval. Ms. Bennett argued that Blue Cross waived its right to subrogation in the lease agreement with Turner, thereby negating the requirement that she obtain Blue Cross’s approval for the settlement.
Following the hearing, the WCJ denied all of Blue Cross’s exceptions and awarded Ms. Bennett workers’ compensation benefits and medical expenses. The WCJ specifically ruled that Blue Cross waived its right of subrogation, including its right to recover from Ms. Bennett’s third party tort lawsuit, in its lease agreement. This appeal, taken by Blue Cross, followed.
DISCUSSION
In this appeal, Blue Cross contends that Ms. Bennett’s claim should have been dismissed on the basis of res judicata or abandonment because she failed to reinstate her claim after her disputed claim was dismissed on September 23, 2009, | fiuntil April 9, 2010, well outside the 30-day period allowed for reinstatement by the judgment. The record reflects that the WCJ dismissed Bennett II without prejudice pursuant to Section 5705 of the Hearing Rules due to Ms. Bennett’s failure to provide the court with a judgment. Section 5705 of the Hearing Rules provides for the dismissal of a claim without prejudice, after contradictory hearing properly noticed by the court on the judge’s own motion or an ex parte motion of a party for four reasons. Blue Cross claims that the WCJ dismissed the claim pursuant to Rule 5705(4), which provides for the dismissal where the claimant fails to appear for a properly noticed hearing. Paragraph C of Rule 5705 provides that any order dismissing the case without prejudice shall allow for the reinstatement of the action within 30 days for good cause shown.
At the hearing on Blue Cross’s exceptions of prescription and res judicata, Blue Cross argued that the WCJ had dismissed Ms. Bennett’s case as abandoned and argued that because a case that has been abandoned does not interrupt prescription, Ms. Bennett’s failure to file the instant claim for over a year following the dismissal of her disputed compensation claim caused the claim to prescribe. The WCJ *360 denied the exceptions, specifically stating that she did not dismiss the earlier-filed case as abandoned. The WCJ stressed that the matter went to trial, following which she made the same ruling she had made in connection with an earlier summary judgment. The WCJ stated that she ordered the parties to submit a judgment reflecting that ruling and when the judgment was not submitted, she dismissed the case, believing that Ms. Bennett would reinstate and file a judgment and the case could be disposed of. Because the WCJ did not dismiss the case for abandonment for the failure to appear, Blue Cross’s prescription argument based on Rule 5705 has no merit. Furthermore, as there is no provision in Rule 5705 authorizing the WCJ to dismiss a case as abandoned for the failure to submit a judgment, we find no error in the WCJ’s decision to allow Ms. Bennett to re-file |7and prosecute her claim even though it was beyond the 30-day period set forth in the judgment of dismissal.
In its second assignment of error, Blue Cross contends that the “law of the case” doctrine or the principles of res judi-cata barred the trial court from determining that Ms. Bennett is entitled to benefits because Blue Cross waived its right of subrogation, including its right of recovery from Ms. Bennett’s third party lawsuit, in its lease agreement with Turner. In its final assignment of error, Blue Cross maintains that Ms. Bennett forfeited her right to workers’ compensation benefits when she settled with Turner without the written approval of her workers’ compensation carrier.
Louisiana Revised Statutes 28:1102(B) plainly states that an employee who settles a lawsuit without the consent of the employer and insurer forfeits the right to future compensation, including medical expenses. We find that the WCJ erred in finding that Ms. Bennett did not forfeit her right to future compensation under this provision because Blue Cross waived its right of subrogation in its lease with Turner. This ruling is in direct conflict with this court’s interpretation of the lease agreement in Bennett I.
In support of her claim that Blue Cross’s approval of the settlement was not necessary, Ms. Bennett relies on Paragraph 8.18 of the Blue Cross-Turner Lease, which provided that Blue Cross waived any right of subrogation against Turner and obligated Blue Cross to cause its insurance carriers to also waive subro-gation. Ms. Bennett submits that Blue Cross’s consent to her settlement was not necessary because Blue Cross agreed in the lease to waive any subrogation claims, including its right to reimbursement of workers’ compensation benefits to its employees.
In Bennett I, in challenging the trial court’s dismissal of its claims against Blue Cross and St. Paul, Turner argued that the lower court erred in refusing to uphold the clear language of this provision. However, as this court observed in | ¡¿Bennett I, a part of the lease that would have seemingly obligated Blue-Cross to be liable for any injuries caused by any defects in Turner’s premises was not made part of the lease. Therefore, the lower court found and this court agreed, any obligation on Blue Cross’s part to waive subrogation and cause its insurances to waive the same under any insurance policy as contemplated by Section 8.18 did not apply to Ms. Bennett’s claims related to or based upon defects in Turner’s premises. This court further held that Turner violated La. R.S. 23:1102(0(1) by failing to obtain St. Paul’s written approval of the settlement with Ms. Bennett, and as a result, was required to reimburse St. Paul for its workers’ compensation lien.
Because this court has held that Blue Cross did not waive its right of subroga *361 tion with respect to Ms. Bennett’s claims, the WCJ clearly erred in finding that Blue Cross waived its right of subrogation with respect to Ms. Bennett’s compensation claim. Thus, the subrogation clause of the Blue Cross-Turner Lease did not excuse Ms. Bennett’s failure to obtain Blue Cross’s approval of her settlement with Turner. Under the clear language of La. R.S. 23:1102(B), Ms. Bennett forfeited her right to future compensation, including medical expenses, by settling with Turner without the consent of Blue Cross or St. Paul. See Triche v. Regional Electric & Construction, Inc., 95-0105 (La.App. 1st Cir.10/6/95), 671 So.2d 425, 433.
Louisiana Revised Statutes 23:1102(B) allows an employee who fails to obtain the consent of an employer to a settlement to recover benefits in excess of the settlement proceeds under certain circumstances. Because the WCJ ruled that Ms. Bennett did not forfeit her right to benefits pursuant to La. R.S. 23:1102(B), she did not address Blue Cross’s claim that Ms. Bennett could not recover compensation benefits and medical expenses until she demonstrated that she exhausted her settlement proceeds. Therefore, we remand this matter to the OWC to address this issue.
^CONCLUSION
For the foregoing reasons, the judgment of the Office of Workers’ Compensation is reversed. The case is remanded for proceedings consistent with this opinion. Costs of this appeal are assessed 50% to Desiree Bennett and 50% to Arkansas Blue Cross Blue Shield.
REVERSED AND REMANDED.
McClendon, j., concurs.