WHIPPLE, C.J.,
concurring.
|,The crucial issue in determining whether Van Cleave was obligated under LSA-R.S. 23:1102(B) to give notice (and obtain written approval) of his settlement is whether the workers’ compensation insurer would have had a cause of action for reimbursement of benefits paid under LSA-R.S. 22:1101. Hanover Ins. Co. v. Allstate Ins. Co., 554 So.2d 1261, 1266 (La.App. 1st Cir.1989). Accordingly, the critical fact herein is simply whether the settlement was tendered pursuant to the UM provisions of the policy or the general liability provisions of the policy. If tendered pursuant to the UM-provisions, the workers’ compensation insurer would not have a cause of action for reimbursement of benefits, regardless of the settlement, because the UM provisions of the General Insurance policy contain a “Travelers ’ exclusion.” Travelers Ins. Co. v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000, 1005 (A UM insurer may expressly exclude a compensation insurer’s reimbursement in its UM policy under the Civil Code’s freedom to contract on all matters not forbidden by law or public policy.) See also, Bergeron v. Williams, 99-0886, 99-0887 (La.App. 1st Cir. 5/12/00), 764 So.2d 1084, 1089, writ denied, 2000-1697 (La.9/15/00), 768 So.2d 1281 (Where a UM policy has a Travelers ’ exclusion, it precludes a compensation insurer’s right to claim a future credit, just as it precludes the right to claim reimbursement.)
When the motion for summary judgment was denied, genuine issues of material fact existed as to whether the settlement was tendered pursuant to the UM provisions of the policy or the general liability provisions. Accordingly, I concur [2with the result reached by the majority, finding the trial court did not err in denying the motion for summary judgment.
Moreover, after a trial on the merits, the trial court concluded that the settlement agreement was a settlement of UM claims only. Based on the evidence in the record, as summarized by the majority, this factual finding was not clearly wrong. Based on this finding, the workers’ compensation insurer would not be entitled to reimbursement or future credit, given the specific exclusionary language in the UM provisions of the policy, and accordingly, Van Cleave should not be penalized under LSA-R.S. 23:1102(B) for his failure to obtain the compensation insurer’s approval of the settlement.[1]
Thus, I concur in the result reached by the majority, finding the trial court did not err in denying relief to Advantage Personnel and Timbermen and dismissing the case with prejudice.[2]

. Due to the quasi-penal nature of Section 23:1102(B), it must be strictly construed. Johnson v. Star Enterprises, 97-461 (La.App. 5th Cir. 12/10/97), 704 So.2d 857, 860; Faught v. Ryder/ P*I*E Nationwide, Inc., 543 So.2d 918, 924 (La.App. 1st Cir.1989), writ denied, 545 So.2d 1040 (La. 1989).

. Cf., Bennett v. Arkansas Blue Cross Blue Shield, 2011-1180 (La.App. 1st Cir. 2/13/12), 91 So.3d 356, 360-361. (The workers’ com *235 pensation claimant forfeited her right to future compensation under LSA-R.S. 23:1102(B) by settling her third-party tort action without the consent of her employer or her employer's workers’ compensation insurer. The lease agreement between employer and the third-party tortfeasor provided that the employer waived all subrogation rights against the tortfeasor. However, in a prior decision, this court determined that the waiver in the lease did not apply to the claimant’s allegations related to defects in the tortfea-sor’s property. Thus, the subrogation clause of the lease did not excuse the claimant’s failure to obtain her employer’s approval of the settlement.)